**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DENNIS GANNON,

        Plaintiff,

vs.                                          Case No. 3:10-cv-852-J-32JRK

HSBC CARD SERVICES, INC.,
et al.,

        Defendants.

**ORDER**

This case is before the Court on plaintiff Dennis Gannon's Motion to Remand (Doc. 8) and defendants' Response (Doc. 9).  Gannon contends this case should be remanded to state court because defendants Vion Holdings LLC and the Law Office of Curtis O. Barnes P.C. have not demonstrated that defendant HSBC Card Services, Inc. ("HSBC") consents to removal.

**I. BACKGROUND**

Gannon filed suit in the County Court for Duval County, Florida, alleging that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(c), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72, by contacting him regarding his debt after he placed defendants on notice that he was represented by counsel.  (Doc. 2.)  Defendants Vion Holdings LLC and the Law Office of Curtis O. Barnes P.C. ("the Removing Defendants") timely removed the action to this Court on September 17, 2010.  (Doc. 1.)  The Notice of Removal provides that "Defendant, HSBC

Card Services, T/A Nevada, N.A. has settled wit [sic] the Plaintiff.  However, it consents and joins this removal and a Dismissal is forthcoming in state court." (Id. at 1.)  The Notice is not signed by a representative of HSBC, and HSBC has not filed any additional documentation indicating its consent to removal.

Gannon filed a Motion to Remand.  (Doc. 8.)  Gannon contends the Notice of Removal is deficient because it has not been properly joined by defendant HSBC.  (Doc. 8 at 1.)

## II. DISCUSSION

"[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court."  Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1049 (11th Cir. 2001).  This requirement is often referred to as the "unanimity requirement."  See id. at 1044. "If all defendants do not consent to removal, this constitutes a defect in removal procedure under 28 U.S.C. § 1447(c), making removal improper."[1]  Smith v. Health Center of Lake City, Inc., 252 F. Supp.2d

---

[1] An exception to the unanimity requirement exists for "nominal or formal parties, [who,] being neither necessary nor indispensable, are not required to join in the petition for removal." Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N.A., 427 F.2d 325, 327 (5th Cir.1970). The Removing Defendants argue that HSBC is a nominal party because it has reached a settlement agreement with Gannon; however, the state court record contains no official indication of settlement. At least one court has found that a defendant is not nominal in similar circumstances. See Holmes v. Progressive Halcyon Ins. Co., No. 07-0366-CG-M, 2007 WL 2028915, at *1 (S.D. Ala. July 10, 2007). However, the Court need not address this issue given its ruling on HSBC's consent to removal and thus assumes, without deciding, that HSBC is not a nominal party.

1336, 1338-39 (M.D. Fla. 2003).[2]  The Court thus must determine whether the statement of the Removing Defendants' counsel that HSBC consents to removal satisfies the unanimity requirement.  The Supreme Court and Eleventh Circuit have not yet addressed this issue, and there is currently a split of authority among the federal courts.[3]

A number of courts have stated that each defendant must indicate its consent to removal in some manner on the record.  See, e.g., Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994), abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); Nathe v. Pottenberg, 931 F. Supp. 822, 824-25 (M.D. Fla. 1995) (collecting cases).  Courts have justified this rule by stating that, without a statement from each defendant (or a formal representative) on the record, "there would be nothing on the record to 'bind' the allegedly consenting defendant."  Getty Oil, 841 F.2d at 1262 n.11;

---

[2] This defect in removal procedure is not jurisdictional.  Id. at 1339 n.6 (collecting cases).

[3] The Supreme Court and Eleventh Circuit have held that the rule of unanimity "requires that all defendants join in the removal petition." Tri-Cities Newspapers, 427 F.2d at 326-27; see also Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900) (holding that "all the defendants must join in the [removal] application").  However, neither these cases nor any applicable statute or rule specifies how a defendant must join.  See 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action" must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . .").

In Cook v. Randolph County, Georgia, 573 F.3d 1143, 1150-51 (11th Cir. 2009), the Eleventh Circuit held that the rule of unanimity does not require each defendant to sign the notice of removal.  However, because the defendants in Cook were all represented by the same attorney, the court did not reach the issue presented here of whether an attorney for the removing defendants may represent in the notice of removal that another defendant, represented by different counsel, consents to removal.

3

see also Nathe, 931 F. Supp. at 825 ("Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign.").

The Sixth and Ninth Circuits, however, have found that "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient" to satisfy the rule of unanimity. Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009); see also Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201-02 (6th cir 2004).[4] These courts have determined such an indication of consent to be sufficient because: (1) the attorney submitting the notice is subject to sanctions under Rule11 if she has no evidentiary support for her claim that the other defendants consent to removal; and (2) the other defendants will have the opportunity to object if they do not actually consent. See Proctor, 584 F.3d at 1225; Harper, 392 F.3d at 201-02. As the Ninth Circuit explained in Proctor, "[t]hese two considerations . . . mitigate concerns that one defendant might falsely state the other defendants' consent, or that one defendant might game the system by silently allowing another to remove and, if the federal forum proves disadvantageous, belatedly object that he had not consented." Proctor, 584 F.3d at 1225.

---

[4] At least one decision from within this district has also stated that a statement of consent from one defendant on behalf of another, when signed by an attorney, is sufficient to satisfy the unanimity requirement. See Holloway v. Select Hotels Group, LLC, No. 8:08-cv-1208-T-33TBM, 2008 WL 4534135, at *5 (M.D. Fla. Oct. 7, 2008).

This Court finds the position of the Sixth and Ninth Circuits to be persuasive.[5] The Court agrees with the Sixth and Ninth Circuits that, given the ability of a non-consenting defendant to object to removal and the availability of sanctions under Rule 11, a statement by a removing defendant's attorney—an officer of the court—that a non-removing defendant consents to removal is sufficient to satisfy the rule of unanimity. To require more would elevate form over substance—something that is not compelled by statute or precedent. The Court therefore holds that the Removing Defendants' statement in the Notice of Removal that non-removing defendant HSBC consents to removal is sufficient to satisfy the rule of unanimity.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 8) is **DENIED**.

2. No later than **May 4, 2011**, plaintiff shall file a response to the Removing Defendants' Motion for Summary Judgment (Doc. 7).

---

[5] Although in Smith, 252 F. Supp.2d at 1339, the undersigned stated that a notice of removal signed by an attorney for only one of the defendants was insufficient to show the consent of the other defendants, this statement was dictum. The order ultimately held that the plaintiff had waived any argument that the unanimity requirement had not been satisfied and thus proceeded under the assumption that all defendants had consented to removal. Moreover, Smith was decided before the Sixth Circuit's opinion in Harper and the Ninth Circuit's opinion in Proctor.

3. The Case Management and Scheduling Order will issue separately.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of April, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies:

counsel of record.